**IN THE UNITED STATES DISTRICT COURT**
**FOR MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ELIZABETH BURRUSS AND SHANE BURRUSS, w/h | ) | **CIVIL ACTION** |
| Plaintiffs, | ) | **NO: 4:26-cv-1832-MWB** |
| v. | ) | **JURY TRIAL DEMANDED** |
| KNOEBELS AMUSEMENT PARK AND RESORT d/b/a Knoebels Kares and/or d/b/a Knoebels Grove Amusement Park and/or d/b/a Knoebels Three Ponds, Inc. | ) | |
| Defendant. | ) | |

**<u>ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT TO PLAINTIFFS' COMPLAINT</u>**

NOW INTO COURT, Defendant, Knoebels Amusement Park and Resort d/b/a Knoebels Kares and/or d/b/a Knoebels Grove Amusement Park and/or d/b/a Knoebels Three Ponds, Inc. ("Defendant"), by their attorney, John W. Croumer, Esquire and Post and Schell, P.C., hereby files their answer to Plaintiffs' Complaint and alleges as follows:

1. Defendant denies the allegations contained in paragraph 1 of Plaintiffs' Complaint. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and proof thereof is demanded at trial.

2. Denied as stated. It is admitted only that Knoebels Three Ponds, Inc. is a Pennsylvania corporation with a principal address of 954 SR 487, Elysburg, PA 17824. Knoebels Amusement Park and Resort, Knoebels Kares, and Knoebels Grove Amusement Park are not legal entities.

3. The averments in paragraph 3 are conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, they are denied.

## JURISDICTION

4. The averments in paragraph 4 are conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, they are denied.

5. The averments in paragraph 5 are conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, they are denied.

6. The averments in paragraph 6 are conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, they are denied.

## FACTUAL BACKGROUND

7. Denied. H.H. Knoebel Sons, Inc. owned and operated the amusement park located at 391 Knoebels Blvd Elysburg, PA.

8. Denied.

9. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of said allegations and proof thereof is demanded at trial.

10. Denied. H.H. Knoebel Sons, Inc. owned and operated the amusement park located at 391 Knoebels Blvd Elysburg, PA.

11. Denied.

12. Plaintiffs refer to an object that speaks for itself and Defendant denies any mischaracterization thereof.

13. Denied.

14. The averments in paragraph 14 are conclusions of law to which no responsive pleading is required.

15. The averments in paragraph 15 are conclusions of law to which no responsive pleading is required.

16. The averments in paragraph 16 are conclusions of law to which no responsive pleading is required.

**WHEREFORE**, Defendant, Knoebels Amusement Park and Resort d/b/a Knoebels Kares and/or d/b/a Knoebels Grove Amusement Park and/or d/b/a Knoebels Three Ponds, Inc., respectfully requests this Honorable Court enter judgment in its favor and against Plaintiffs.

**COUNT I**
**ELIZABETH BURRUSS V. KNOEBELS AMUSEMENT PARK AND RESORT**

17. Defendant incorporates by reference the foregoing paragraphs of its Answer.

18. The averments in paragraph 18 are conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, they are denied.

19. The averments in paragraph 19 are conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, they are denied.

20. The averments in paragraph 20 are conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, they are denied.

21. The averments in paragraph 21 are conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, they are denied.

22. The averments in paragraph 22 are conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, they are denied.

23. The averments in paragraph 23 are conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, they are denied.

**WHEREFORE**, Defendant, Knoebels Amusement Park and Resort d/b/a Knoebels Kares and/or d/b/a Knoebels Grove Amusement Park and/or d/b/a Knoebels Three Ponds, Inc., respectfully requests this Honorable Court enter judgment in their favor and against Plaintiffs.

**COUNT II**
**SHANE BURRUSS V. KNOEBELS AMUSEMENT PARK AND RESORT**

24. Denied. Defendant admits incorporation of the referenced paragraphs without admitting the substantive averments contained therein.

25. The averments in paragraph 25 are conclusions of law to which no responsive pleading is required. To the extent they are deemed otherwise, they are denied.

**WHEREFORE**, Defendant, Knoebels Amusement Park and Resort d/b/a Knoebels Kares and/or d/b/a Knoebels Grove Amusement Park and/or d/b/a Knoebels Three Ponds, Inc., respectfully requests this Honorable Court enter judgment in their favor and against Plaintiffs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant was not negligent and/or careless and/or reckless at any time hereto.

### Second Affirmative Defense

Plaintiffs may have failed to join indispensable parties.

### Third Affirmative Defense

Plaintiffs failed to state a cause of action upon which relief can be granted.

### Fourth Affirmative Defense

Plaintiffs assumed the risk of damages.

### Fifth Affirmative Defense

Defendant owed no duty, and breached no duty, to Plaintiffs.

### Sixth Affirmative Defense

If Defendant was negligent, which is expressly denied, then such negligence was not a substantial factor or proximate cause of the action or incident of which Plaintiffs' complaint and/or did not result in the injuries or damages alleged by the Plaintiffs.

### Seventh Affirmative Defense

Based upon information of belief, it is averred that any alleged injury to Plaintiffs were a result of Plaintiffs' own negligence which exceeded any negligence

of Defendant, all such negligence being expressly denied and, therefore, Plaintiffs' contributory and/or comparative negligence bars Plaintiffs' claims.

**Eighth Affirmative Defense**

Plaintiffs assumed the risk of their accident and injuries.

**Ninth Affirmative Defense**

Plaintiffs' actions and/or inactions were highly reckless conduct.

**Tenth Affirmative Defense**

Plaintiffs' claims may be barred and/or limited by the doctrines of waiver, latches, merger, release, *res judicata* and/or collateral estoppel.

**Eleventh Affirmative Defense**

The incident, injuries and/or damages alleged to have been sustained by Plaintiffs were not directly or proximately caused by Defendant.

**Twelfth Affirmative Defense**

The act(s) or omission(s), or breach of duty alleged were the result of other person, persons or entities over whom Defendant had no control, right to control, or responsibility thus and constitutes an intervening superseding cause of the injuries and/or damages alleged to have been sustained by Plaintiffs, and as such Defendant is not liable.

**Thirteenth Affirmative Defense**

Plaintiffs, by the exercise of ordinary care and diligence, could have avoided the consequences of any liability and/or causation alleged.

**Fourteenth Affirmative Defense**

Plaintiffs held the last clear chance to avoid the incident and/or damages alleged.

**Fifteenth Affirmative Defense**

Plaintiffs were otherwise negligent as may be determined during the course and scope of discovery and/or trial.

**Sixteenth Affirmative Defense**

Plaintiffs' claims may be barred and/or limited due to the failure to properly preserve, or spoliation of, evidence.

**Seventeenth Affirmative Defense**

Plaintiffs have failed to mitigate their alleged damages, if any.

**Eighteenth Affirmative Defense**

Plaintiffs' claims are barred and/or limited by the application of the Pennsylvania Comparative Negligence Act.

**Nineteenth Affirmative Defense**

Defendant hereby gives notice that they may rely upon such other defenses (affirmative or otherwise) as may become available or apparent during the course of

discovery and thus reserves the right to amend its Answer to assert any such defenses.

**<u>Twentieth Affirmative Defense</u>**

To the extent justified by the evidence developed in discovery or the testimony at the time of trial, Defendant avers that Plaintiffs' claims are barred in whole or in part by the Pennsylvania Statute of Repose, 42 Pa. C.S.A 5536.

**WHEREFORE**, Defendant, Knoebels Amusement Park and Resort d/b/a Knoebels Kares and/or d/b/a Knoebels Grove Amusement Park and/or d/b/a Knoebels Three Ponds, Inc., hereby respectfully request judgment in their favor together with costs, attorney's fees and such other relief as this Court deems just.

**POST & SCHELL, P.C.**

**BY**: ______________________________

**DATED:** August 31, 2026

John W. Croumer, Esquire
Attorneys for Defendant
Knoebels Amusement Park and
Resort d/b/a Knoebels Kares and/or
d/b/a Knoebels Grove Amusement
Park and/or d/b/a Knoebels Three
Ponds, Inc.
I.D. # PA208170
1869 Charter Lane
P.O. Box 10248
Lancaster, PA 17605-0248
717-291-4532
717-291-1609 – Fax
jcroumer@postschell.com

# CERTIFICATE OF SERVICE

I, John W. Croumer, Esquire do hereby certify that I caused a true and correct copy of the foregoing document(s) to be served upon the following person(s) at the following address(es) by sending same via Electronic Service (same is available for viewing and downloading from the ECF system):

Jeffrey D. Schmidt, Esquire
Jeffrey I. Zimmerman, Esquire
Matthew A. Fleishman, Esquire
SCHMIDT, ZIMMERMAN & FLEISHMAN
261 Old York Road, Suite 707
Jenkintown, PA 19046

**POST & SCHELL, P.C.**

By: ______________________

Dated: August 31, 2026

John W. Croumer, Esquire
I.D. #: PA208170
Attorney for Defendant
Knoebels Amusement Park and Resort d/b/a Knoebels Kares and/or d/b/a Knoebels Grove Amusement Park and/or d/b/a Knoebels Three Ponds, Inc.